UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:14-CR-00216-01** |
| **VERSUS** | **JUDGE DRELL** |
| **DENNIS JOSEPH BRASS (01)** | **MAGISTRATE JUDGE KIRK** |

**MEMORANDUM ORDER**

Before the court is Dennis Brass' motion entitled "Motion for Sentence Reductions Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) Based on Extraordinary and Compelling Reasons Related to Unprecedented COVID-19 Virus Pandemic." (Doc 267). Brass asks this court to issue an order modifying his sentence to allow his early release from prison as he suffers from Stage IV Pulmonary Sarcoidosis and is part of the at-risk population.

Brass argues that his motion is ripe for consideration as his fellow inmate, Terrence M. Brown, wrote to Warden Garrido, Warden of FCI Beaumont Low, on March 1, 2020 on behalf of himself and similarly situated inmates for a reduction in sentence based on the extraordinary and unprecedented COVID-19 pandemic.[1] (Doc. 267-1). As the warden failed to respond to the request from Brown within thirty days, Brass thinks the court now has jurisdiction to consider the motion.

The compassionate release statute, 18 U.S.C. §3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c)   Modification of Imposed Term of Imprisonment.-The court may not modify a term of imprisonment once it has been imposed except that-

---

[1] Brown asked the Warden to "identify all inmates near 50 years of age, who have a pre-existing medical condition (i.e., high blood pressure, asthma, chronic bronchitis, or diabetes), who are serving sentences for non-violent crimes and have served a substantial portion of their sentences and to recommend to the Director that a motion to each of their sentencing courts be made to reduce their sentences to time served and to order their immediate release from prison."

> (1) in any case –
>
> (A)  the court, upon motion of Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that do not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The statute specifically states that the "defendant" must exhaust, not that someone may exhaust on his behalf. As Brass did not seek relief from Warden Garrido himself, his claim is not exhausted and cannot be considered by this court.

We further note, the Attorney General issued two memoranda to the Bureau of Prisons Director, one dated March 26, 2020 and the other dated April 3, 2020, providing guidance to BOP facilities on how to keep their prisons as safe as possible during the current pandemic. In the March 26, 2020 memorandum, Attorney General Barr advocated for the use of home confinement for prisoners who met certain criteria. The Attorney General issued a follow up memorandum on April 3, 2020 in which he exercised emergency authority under the CARES Act to further increase home confinement rather than incarceration at "FCI Oakdale, FCI Danbury, FCI Elkton and other similarly situated BOP facilities where COVID-19 is materially affecting operations." On April 5, 2020, the BOP acknowledged Attorney General Barr's memoranda with an article on their website entitled, "Update on COVID-10 and Home Confinement – BOP continuing to aggressively

screen potential inmates." [2] Therein, the BOP states "[i]nmates do not need to apply to be considered for home confinement." So, despite the fact Brass did not exhaust his administrative remedies under the First Step Act, he is still being considered for home confinement. However, this court is not aware of any decision by FCI Beaumont Low, the BOP, a court or Congress that would allow this court to accede to Brass' request to jump over the procedure provided in the law and/or Attorney General Barr regarding compassionate release. Even if this was not so, there is no basis to do so here.

As for Brass' claim that extraordinary and compelling reasons exist for his release to home confinement, we note that 28 U.S.C. §994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provision in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and list of specific examples." Accordingly, the relevant policy statement of the Commission is binding on the Court. See Dillon v. United States, 560 U.S. 817, 827 (2010) (where 18 U.S.C. §3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).

The Sentencing Guidelines policy statement appears at §1B1.13 and provides that the court may grant release if "extraordinary and compelling circumstances" exist, " after considering the factors set forth in 18 U.S.C. §3553(a), to the extent that they are applicable," and the court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §3142(g)." Additionally, in application note 1 to the policy

---

[2] https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp

statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons. – Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant. –
>
>    (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.** Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>    (ii)   The defendant is –
>
>         (I)   suffering from a serious physical or medical condition,
>         (II)  suffering from a serious functional or cognitive impairment, or
>         (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.-
>
>    (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>    (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release. United States v. Heromin, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

The only extraordinary and compelling reason cited by Brass is the pandemic. None of the principles set forth above were addressed by Brass. Accordingly, we find the motion to be both premature and legally inappropriate **at this time**. There is nothing extraordinary or compelling about COVID-19 that convinces the court to ignore the requirement that Brass first make his request to the Warden of the facility and allow BOP to do the vetting as to who qualifies for home confinement. This court will not ignore the Attorney General's orders requiring the Bureau of Prisons and the institution's Warden to determine which inmates are eligible for such. Brass does have a risk factor, sarcoidosis. However, to avoid the process **in this case** would cause the court to adopt Brass' mere recitation of his medical condition, to make legal conclusions about medical risk, and his relative co-morbidity risks for COVID-19. Even more specifically, there is no evidence that his medical situation is not being monitored and treated appropriately.

Even if we could order compassionate release for Brass, we would decline to do so. First, Brass' motion, like many, recounts the anecdotal observations that prisons are automatically incubators for the spread of disease; however, there is no reference to nor any evidence of any actual diagnosed cases of COVID-19 at FCI Beaumont Low, where Brass is currently incarcerated.[3] A visit to this facility's website notes, "[a]ll visiting at this facility has been suspended until further notice."[4] Additionally, this court is aware that the Bureau of Prisons has severely restricted movement of prisoners during this time between and among facilities. Second,

---

[3] A review of the Bureau of Prison's website on April 27, 2020 does not show FCI Beaumont to have confirmed positive test results of either inmates or staff. See https://www.bop.gov/coronavirus/.

[4] https://www.bop.gov/locations/institutions/bml/

5

Brass states in his motion that he is eligible to participate in the Residential Drug Abuse Program ("RDAP") which would allow for an additional sixteen months of credit toward service of his sentence. Given Brass' crimes, the court believes Brass would benefit from completing RDAP, reaching his eligibility for placement in a half-way house, applying for relocation to Texas, and going through the proper and normal procedures established by the BOP for half-way house placement and/or home confinement.

For the foregoing reasons, it is hereby

**ORDERED** that Brass' motion (Doc. 267) is **DENIED**.

**THUS DONE AND SIGNED** this 27 day of April 2020, at Alexandria, Louisiana.

**DEE D. DRELL, JUDGE**
**UNITED STATES DISTRICT COURT**